UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DERRICK L. SMITH, et al.
       Plaintiffs,

V.

DEPARTMENT OF CORRECTIONS

PATRICK MURPHY, Warden, et al.
       Defendants,

--------------------------------/

CASE NO. 8:18 cv 2611 T33 SPF

COMES NOW, Plaintiff above, curently proceeding pro se, in his capacity as the Personal Representative, and father of Derrius Lenard Smith, a former correctional officer with the Desoto Correctional Institution, stated hereinafter as decedent.[1] Plaintiff brings this civil action against the Department of Corrections; Patrick Murphy - Warden of the Desoto Correctional Institution, et al.; and thereby seeks a trial by jury on the claims set forth in this complaint.

## JURISDICTION

Jurisdiction is vested in this Court, and Plaintiffs seeks damages in excess of $75,000.00

---

[1] Plaintiff Derrick L. Smith is currently incarcerated in a federal facility. He has a tentative release date of January 19, 2019; and will be following the rules of

1



CLAIM 1: GROSS NEGLIGENCE

Defendant 1, the Department of Corrections, a Corporation, managed officers, directors, managers, etc. whom engaged in conduct with actual knowledge that there was a high probability that injury or damage to decedent would result, and despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage.

Defendant 2, Patrick Murphy, Warden of the Desoto Correctional Institution, in his official capacity, encompassed a composite of circumstances which created a clear and present danger of serious harm, where Defendant was aware or charged with knowledge of such danger and acted in conscious disregard of that danger, which resulted in injury and damage to decedent.

FACTS:

On November 8, 2016 Derrius Lenard Smit-Wolf, a former Correctional Officer at the Desoto Correctional Institution, pulled a double shift at the instructions of his superiors due to a shortage of staff. While driving home from work back to Tampa, Florida, along SR70, a witness observed Mr. Smith-Wolf falling asleep at the wheel before colliding head on with another vehicle. Mr. Smith substained severe injuries: Traumatic Axonal injury and Atlanto-Occicital dislocation with contusion of cervical spinal cord due to blunt impact injuries of the

---

Court under said conditions. Plaintiff will additionally aprise the Court of any address changes.

head and torso; and blunt impact to the head.

Mr. Smith-Wolf's injuries resulted from a conscious disregard or indifference to his life and safety from that of his superiors, whose orders he was bound to conform, under the obedience to the rules, instructions, and orders given him to pull a double shift. Defendants were subjectively aware (at least Defendant $\mathcal{J}$) of the substantial risk of seriousness from which an inference could be drawn that a substantial risk of serious harm existed of decedent's double shift work work command, given decedent's distance of 96.2 miles (nearly 2 hours of drive time) from his work place, and home in Tampa, Florida. And Defendants drew that inference (At least Defendant $\mathcal{J}$, in an objectively unreasonable manner.

CLAIM 2: WRONGFULDEATH

Defendants 1 and 2 failed to provide a safe environment in which decedent worked. Said failure directly led up to decedent's death, independent of any negligent and or medical malpractice claims - should any exist.

FACTS:

The underlying facts of this claim is decedent's injuries, and the undisputed facts that decedent's toxylogical report showed no tests of alcohol, drugs, or other impairments, see death certificate attached as Exhibit 1. see also the Florida Highway Patrol Traffic Homicide Investigation Report, which showed the accident/incident occuring at 9:55 a.m. in clear daylight on a dry road with no obscurred vision, at

3

Exhibit 2.

Until discovery is complete Plaintiffs could not reasonably be expected to know of all of the circumstances surrounding decedant's injuries that led up to his death, but what is known by Plaintiffs is that decedent had been indirectly mandated to pull double shifts - instead of volunteering - on repeated occasions by his superiors; and that decedent had another job opportunity available nearer to where he resided in Tampa, Florida, but that his superiors were reluctant to approve his release, due to the shortage of staff at the prison. Any reasonable prudent person would know that injury to decedent would have been likely based on instructions and orders given him to pull a double shift, given the distance decedent traveled from work and home. This constituted 'clear and present danger.' Yet, Defendants took conscious acts to disregard that danger; and but for Defendants instructions and orders pursuant to that disregard, decedent would have been alive today.

## SURVIVORS

The names and relationships of decedent's survivors are listed below:

Derrick Lenard Smith, father

Zenovia La'Rae Williams, Mother

Derrion Larenzar Smith, brother

Derrelle Janard Smith, brother

Demetri Zaire-Kenard Smith, brother

Alexandra, last name unknown, sister

Derrick Lenard Smith, jr., brother

Deangelo Deondrick Murray, brother

Amari Rashard Smith, brother

Symiah Tyshay-Koray Cummings, sister

Taeunkia Derrika Smith, sister

Derriniquka Lorraine Smith, sister

Devonte Christopher-Tyree Smith, brother

Austin Kyle Perry, brother

Decedent's Estate

## DAMAGES

Plaintiffs seeks the following damages listed below, or whatever the jury find appropriate:

Both of decedent's parents are seeking compensatory damages for: 1, the value of lost support and services from the date of decedent's injury to his death - with interest; future loss of support and services from the date of decedent's injuries from the date of death and reduced to present value; loss of decedent's companionship and protection; mental pain and suffering from the date of injury; medical and funeral expenses; and parents society (advice, communications, not being able to have grandchildren, etc.)

Decedent's parents values these damages as priceless, but think two million dollars ($2,000,000.00) is fair.

Decedent's parents also seeks punitive damages, in whatever the jury thinks is fair.

Decedent's siblins seeks compensatory damages for: siblin companionship, instructions and guidance; loss of support and personal services from the date of injury; and mental pain and suffering from the date of injury to decedent's death.

5

Decedent's siblins values these damages at priceless, but thinks that two hundred and fifty thousand dollars ($250,000,00.) is fair (totaling three million dollars $3,000,000.00)

Decedent's Estate[2] seeks compensatory damages for: workmans compensation; the full value of decedent's life - including pecuniary and intangible losses; past and non past economic loses; future economic and noneconomic loses.

Decedent's Estate values these damages at five million dollars ($5,000,000.00) since decedent had considerable earning potential.

In all, Plaintiffs seeks damages in excess of tem million dollars ($10,000,000.00), which includes punitive damages.

OATH

Plaintiffs hereby Declare, under the penalty of Perjury, that the allegations and contents made herein this complaint is true and correct, to the best of Plaintiffs knowledge.   *Derrick J. Smith*
Personal Representative
Derrick L. Smith

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a correct copy of this complaint has been furnished to the Florida Department of Corrections, Secretary Julie Jones, at 501 South Calhoun Street, Tallahassee, Florida, 32399-2500, by certified mail, postage prepaid, on this  20th  day of October  2018; and additionally, I HEREBY CERTIFY that a correct copy of thisthis complaint has been furnished to Patrick Murphy, Warden at

---

[2] Plaintiff's Personal Representative has practically been stonewalled from getting assistance in how to pursue a 'Workman's Compensation Claim,' see correspondences at Exhibit 3.

6

the Desoto Correctional Institution, 13617 S.E. Highway 70, Arcadia, Florida, 34266-7800, by certified mail, postage prepaid, on this 20th day of October 2018.

```
                                    Derrick L. Smith
                                    Personal Representative,
                                    Derrick L. Smith,
                                    #28607-018
                                    Federal Detention Center
                                    P.O. Box 019120
                                    Miami, Florida, 33101
```